UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR QUINTANA,<br><br>    Plaintiff,<br><br>v.<br><br>DR. SCHARFFENBERG,<br><br>    Defendant. | Case No. 1:17-cv-01418-LJO-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES<br><br>(ECF NOS. 18 & 20) |

### I.    BACKGROUND

Victor Quintana ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The case now proceeds "against defendant Dr. Scharffenberg on Plaintiff's claim for deliberate indifference to serious medical needs in violation of the Eighth Amendment." (ECF No. 11, p. 7).

Defendant filed an answer to the complaint on April 19, 2018, listing eight affirmative defenses. (ECF No. 16). On May 3, 2018, Plaintiff filed a motion to strike Defendant's affirmative defenses. (ECF No. 18). On May 8, 2018, Defendant filed an amended answer that listed only two affirmative defenses. (ECF No. 19). On May 21, 2018, Plaintiff filed a motion to strike the affirmative defenses in the amended answer. (ECF No. 20). On May 22, 2018, Defendant filed an opposition to Plaintiff's second motion to strike. (ECF No. 21).

1

Plaintiff's motions to strike are now before the Court. For the reasons described below, the Court will deny both motions.

**II. LEGAL STANDARDS**

"Rule 12(f) of the Federal Rules of Civil Procedure states that a district court 'may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.'" Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010). "'[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial ….'" Everett H. v. Dry Creek Joint Elementary Sch. Dist., 5 F. Supp. 3d 1167, 1177 (E.D. Cal. 2014) (alterations in original) (quoting Sidney–Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983)).

Defendants are required to "affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c)(1). The Ninth Circuit has indicated that "the 'fair notice' required by the pleading standards only requires describing the defense in 'general terms.'" Kohler v. Flava Enterprises, Inc., 779 F.3d 1016, 1019 (9th Cir. 2015) (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1274 (3d ed. 1998)). "Since Kohler, every judge in this district that has evaluated the split in light of the Kohler decision has found that the fair notice standard should apply." Sherwin-Williams Co. v. Courtesy Oldsmobile- Cadillac, Inc., 2016 WL 615335, at *3 (E.D. Cal. Feb. 16, 2016) (collecting cases).

The fair notice standard "is less demanding than the Twombly/Iqbal standard, but still requires a party to plead some factual basis for its allegations." Sherwin-Williams Co., 2016 WL 615335, at *2. "'The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense.'" Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1023 (9th Cir. 2010) (quoting Wyshak v. City National Bank, 607 F.2d 824, 827 (9th Cir. 1979)). "Although fair notice is a low bar that does not require great detail, it does require a defendant to provide some factual basis for its affirmative defenses. Simply referring to a doctrine or statute is insufficient to afford fair notice." Gomez v. J. Jacobo Farm Labor Contractor, Inc., 188 F. Supp. 3d 986, 992 (E.D. Cal. 2016) (citations and internal quotation

marks omitted).

### III. ANALYSIS OF PLAINTIFF'S FIRST MOTION TO STRIKE

Plaintiff's first motion to strike will be denied as moot because Defendant filed an amended answer.

### IV. ANALYSIS OF PLAINTIFF'S SECOND MOTION TO STRIKE

Defendant's first affirmative defense in his amended answer states: "Defendant Scharffenberg is entitled to immunity or qualified immunity because no reasonable medical provider in his position would believe that failing to prescribe narcotics to a patient for degenerative changes consistent with the patient's age was unlawful, where the patient was medically evaluated, was already on Oxcarbazepine, and the provider's medical opinion was that narcotics were not an appropriate treatment for the patient's pain. Additionally, the law was not clearly established that a medical provider could be held liable for failing to proscribe narcotics to a patient for degenerative changes consistent with the patient's age, where the patient was medically evaluated, the patient was already on Oxcarbazepine, and the provider's medical opinion was that narcotics were not an appropriate treatment for the patient's pain." (ECF No. 19, p. 2).

Defendant's second affirmative defense in his amended answer states: "The Eleventh Amendment bars § 1983 damages claims against state officials in their official capacity. Plaintiff's Complaint does not specify whether he is seeking damages against Defendant Scharffenberg in his individual or official capacity as a CDCR medical doctor at SATF. Therefore, to the extent that Plaintiff is seeking damages against Defendant Scharffenberg in his official capacity, Plaintiff's claim is barred by the Eleventh Amendment." (ECF No 19, pgs. 2-3).

Plaintiff argues that Defendant's affirmative defenses are boilerplate, and are irrelevant to the claim asserted. (ECF No. 20, p. 2). Plaintiff further argues that Defendant has failed to allege sufficient facts to establish that the affirmative defenses are plausible, and that Defendant only alleged conclusory statements. (Id.). Plaintiff also argues that the Court should apply the pleading standard in Iqbal and Twombly to determine whether Defendant has provided fair

notice of his affirmative defenses. (Id. at 3). Finally, as to Defendant's first affirmative defense, Plaintiff argues that he never requested narcotics and that Defendant has the burden to prove that he is entitled to qualified immunity.

Defendant opposes Plaintiff's motion because "Plaintiff's argument addresses the merits of his claims, and is, therefore, inappropriate on a motion to strike." (ECF No. 21, p. 1). Additionally, Defendant's first affirmative defense "provides Plaintiff fair notice of Defendant's immunity/qualified immunity defense." (Id.).

As described above, this district has routinely applied the fair notice standard, which is less demanding than the Twombly/Iqbal standard. Accordingly, the Court will not apply the Twombly/Iqbal standard when deciding whether to strike Defendant's affirmative defenses. Moreover, Defendant's affirmative defenses are relevant, are not couched in conclusory terms, and provide fair notice to Plaintiff of the affirmative defenses Defendant is asserting.

As to Defendant's first affirmative defense, Defendant has provided fair notice of the defense to Plaintiff. Plaintiff himself appears to acknowledge that qualified immunity is an affirmative defense. Moreover, while Defendant may have misstated Plaintiff's position, Defendant has provided the factual basis for the defense (that Defendant is entitled to qualified immunity because he evaluated Plaintiff, determined that narcotics were not an appropriate treatment, and kept Plaintiff on the treatment he was already receiving). Additionally, as Defendant points out, Plaintiff appears to be arguing the merits of the defense, which is not a basis to strike the defense.

Defendant has also provided Plaintiff with fair notice of his second affirmative defense. Defendant provided the factual basis of the defense by alleging that, to the extent Plaintiff is seeking damages against Defendant in his official capacity as a California Department of Corrections and Rehabilitation medical doctor, the claim is barred by the Eleventh Amendment (which bars § 1983 damages claims against state officials in their official capacity).

Because Defendant's amended answer provided Plaintiff with fair notice of Defendant's affirmative defenses, Plaintiff's second motion to strike will also be denied.

///

4

**V.     ORDER**

Therefore, based on the foregoing, the Court HEREBY orders that:

1. Plaintiff's first motion to strike (ECF No. 18) is DENIED as moot; and
2. Plaintiff's second motion to strike (ECF No. 20) is DENIED.

IT IS SO ORDERED.

Dated: **November 28, 2018**         /s/ *Erin P. Gros[...]*
                                    UNITED STATES MAGISTRATE JUDGE