# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR QUINTANA,<br><br>        Plaintiff,<br><br>    v.<br><br>DR. SCHARFFENBERG,<br><br>        Defendant. | Case No. 1:17-cv-01418-LJO-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BE GRANTED<br><br>(ECF NO. 34)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

Victor Quintana ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action is proceeding "against defendant Dr. Scharffenberg on Plaintiff's claim for deliberate indifference to serious medical needs in violation of the Eighth Amendment." (ECF No. 11, p. 7).

On June 20, 2019, defendant Dr. Scharffenberg ("Defendant") filed a motion for summary judgment. (ECF No. 34). On July 19, 2019, Plaintiff filed his opposition. (ECF No. 38). Defendant filed his reply on July 26, 2019. (ECF No. 39).

Defendant's motion for summary judgment is now before the Court. For the reasons that follow, the Court will recommend that Defendant's motion for summary judgment be granted.

### I.    PLAINTIFF'S CLAIM

#### a. Summary of Plaintiff's Complaint

Plaintiff was incarcerated at the California Substance Abuse Treatment Facility ("SATF") at all times relevant to this case.

Defendant is a medical doctor at SATF, and was Plaintiff's primary care physician at all times relevant to this case.

Plaintiff alleges that he suffers from "severe pain in his neck and back," and that he informed Defendant of his pain "during appointments and for chronic care visits, for the last 16 months." Plaintiff states that Defendant was aware of Plaintiff's condition because he reviewed Plaintiff's medical records and possessed general knowledge of Plaintiff's medical history, but failed to investigate and adequately monitor Plaintiff's condition so that he could provide Plaintiff with effective treatment. Plaintiff claims that Defendant chose to ignore Plaintiff's complaints of pain, and failed to provide "medical treatment (providing pain medications)" for his pain.

Plaintiff further claims that Defendant discontinued his medication for pain, and as of "today's date" Defendant had not ordered a reinstatement of Plaintiff's pain medication.

Plaintiff alleges that Defendant's lack of treatment caused Plaintiff's condition to worsen, causing extreme pain in Plaintiff's neck and back.

Plaintiff alleges that Defendant acted in conscious disregard of an excessive risk of harm to the health and safety of Plaintiff.

Plaintiff alleges that the severe pain in his neck and back affected his daily activities, and that the lack of treatment exposed Plaintiff to "the risk of temporary and permanent damage." Plaintiff further alleges that Defendant's deliberate delays in providing medical treatment for Plaintiff's pain and muscle cramps resulted in Plaintiff's muscles being weak.

Plaintiff alleges that Defendant violated his Eighth Amendment rights because Defendant denied and delayed Plaintiff's access to medical treatment.

In Plaintiff's exhibits, Plaintiff attached a 602 he filed, on which he alleged, among other things, that "Dr. Scharffenberg refused to acknowledge my dissability [sic] chronos, [or] examin [sic] the handball sized cervical disc protrusion on my neck that[']s causing severe pain." (ECF No. 1, p. 16). Plaintiff also seems to have alleged that Defendant falsified a medical record. (Id.).

///

b. Screening Order

The Court screened Plaintiff's complaint. (ECF No. 11). The Court ordered that "[t]his action proceed against defendant Dr. Scharffenberg on Plaintiff's claim for deliberate indifference to serious medical needs in violation of the Eighth Amendment." (Id. at 7).

## II. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

a. Defendant's Position

Defendant moves for summary judgment "because the undisputed facts prove that he was not deliberately indifferent to Plaintiff's serious medical needs and/or is entitled to qualified immunity." (ECF No. 34-1, p. 2). Defendant argues that "Plaintiff cannot meet either the objective or subjective component necessary to establish deliberate indifference against Dr. Scharffenberg." (Id. at 7).

Plaintiff "was receiving Oxcarbazepine for pain management" when he saw Defendant on November 3, 2016. (Id.). "In Dr. Scharffenberg's medical opinion, Oxcarbazepine was an appropriate medication to treat Plaintiff's neuropathic pain and Plaintiff was receiving an appropriate dosage. Dr. Scharffenberg reviewed Plaintiff's medical history and medications and performed a physical examination, which was unremarkable. Plaintiff was doing okay on his present medications, i.e., his vitals were normal and there was no indication that he was suffering any adverse reactions. Dr. Scharffenberg scheduled him for a follow-up in three to five months and **did not discontinue Plaintiff's pain medication**. Moreover, there is no record of Plaintiff submitting any health care service request forms to notify staff of any issues following this encounter, and Dr. Scharffenberg is unaware of Plaintiff submitting any such forms." (Id.) (emphasis in original) (citations omitted).

"Dr. Scharffenberg saw Plaintiff again on April 19, 2017. Plaintiff was prescribed Oxcarbazepine for pain management. This time, Plaintiff complained of pain in his neck with certain twisting motions and numbness and tingling down his left arm with certain positions on his back. Plaintiff's physical examination was unremarkable. Dr. Scharffenberg encouraged Plaintiff to exercise by walking and offered him Tylenol for his neck pain, which he declined. Dr. Scharffenberg **did not discontinue Plaintiff's pain medication**. Moreover, there is no

record of Plaintiff submitting any health care service request forms to notify staff of any issues following this encounter, and Dr. Scharffenberg is unaware of Plaintiff submitting any such forms." (Id. at 7-8) (emphasis in original) (citations omitted).

"Dr. Scharffenberg also ordered x-rays of Plaintiff's cervical spine which showed degenerative changes consistent with aging, no acute fracture or subluxation (incomplete or partial dislocation), and the prevertebral soft tissues within normal limits (i.e., no 'hand ball sized cervical disc protrusion')." (Id. at 8).

"Based on the foregoing, Plaintiff's allegations that Dr. Scharffenberg failed to investigate his condition or provide medical treatment, and that Dr. Scharffenberg discontinued Plaintiff's pain medication, are **demonstrably false**. Therefore, Dr. Scharffenberg is entitled to summary judgment on Plaintiff's deliberate indifference claim." (Id.) (emphasis in original).

"Furthermore, [i]n Dr. Scharffenberg's medical opinion, and based on his review of Plaintiff's medical history, including previous x-rays and MRIs, his medications, physical exams, and the x-rays Dr. Scharffenberg ordered, Plaintiff was receiving appropriate medical care for age related neuropathic pain, including a prescription for Oxcarbazepine to help manage this pain. Consequently, to the extent that Plaintiff disagrees with Dr. Scharffenberg's medical opinion, he has failed to state a claim under the Eight Amendment." (Id.) (citation omitted).

"To the extent that this Court finds that Dr. Scharffenberg's medical care violated the constitution, he is entitled to qualified immunity because no reasonable medical provider in his position would believe that reviewing a patient's medical records, performing physical exams, ordering x-rays, encouraging the patient to exercise, offering Tylenol to the patient, continuing the patient's pain medication, and declining to prescribe opioids/narcotics for degenerative changes consistent with aging, would constitute constitutionally inadequate care. Additionally, the law was not clearly established that a medical provider could be held liable for such care." (Id. at 9).

///

///

b. Plaintiff's Position

"Plaintiff moves for denial of summary judgment because his disputed facts prove that Defendant was deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment to the United States Constitution, there is a genuine issue for trial and Defendant is not entitled to qualified immunity." (ECF No. 38, p. 1).

"Defendant did not examine Plaintiff," which "raise[s] a genuine dispute of material fact." (Id. at 2). "During appointments with Defendant, Plaintiff informed him that the medication was not relieving the pain and Defendant ignored the statement, at the last appointment, Defendant stated he would discontinue the pain medication. The unnecessary pain raise[s] a genuine dispute of material fact." (Id.).

"Dr. Scharffenberg knew Plaintiff suffered from severe pain in his neck and back, but failed to investigate Plaintiff's condition or provide medical treatment, and discontinued Plaintiff's pain medication." (Id. at 5). "The disputed facts show that Plaintiff informed Dr. Scharffenberg about his neck and back pain, and he ignored Plaintiff['s] complaint and did not perform a[n] examination of Plaintiff. Dr. Scharffenberg **did discontinue Plaintiff's pain medication**." (Id.) (emphasis in original). Accordingly, Plaintiff argues that Defendant "is not entitled to summary judgment on Plaintiff's deliberate indifference claim." (Id.).

Additionally, Plaintiff argues that Defendant is not entitled to qualified immunity because "Dr. Scharffenberg did not perform a physical exam[], and did not offer Tylenol to Plaintiff, and discontinue[d] Plaintiff's pain medication, and Plaintiff never requested opioids/narcotics. The law is clearly established that a medical provider could be held liable for the failure to care for a patient." (Id.).

c. Legal Standards

   *1. Motions for Summary Judgment*

Summary judgment in favor of a party is appropriate when there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Albino v. Baca ("Albino II"), 747 F.3d 1162, 1169 (9th Cir. 2014) (*en banc*) ("If there is a genuine dispute about material facts, summary judgment will not be granted."). A party

asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials, or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

A party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). If the moving party moves for summary judgment on the basis that a material fact lacks any proof, the Court must determine whether a fair-minded jury could reasonably find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 322. Additionally, "[a] summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

In reviewing the evidence at the summary judgment stage, the Court "must draw all reasonable inferences in the light most favorable to the nonmoving party." Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011). It need only draw inferences, however, where there is "evidence in the record… from which a reasonable inference… may be drawn…"; the court need not entertain inferences that are unsupported by fact. Celotex, 477 U.S. at 330 n. 2 (citation omitted). Additionally, "[t]he evidence of the non-movant is to be believed…." Anderson, 477 U.S. at 255. Moreover, the Court must liberally construe Plaintiff's filings because he is a prisoner proceeding *pro se* in

this action. Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010).

In reviewing a summary judgment motion, the Court may consider other materials in the record not cited to by the parties, but is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1031 (9th Cir. 2001).

*2. Deliberate Indifference to Serious Medical Needs*

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006), (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) that "the defendant's response to the need was deliberately indifferent." Id. (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (citation and internal quotations marks omitted), overruled on other grounds by WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (*en banc*)).

Deliberate indifference is established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citation omitted). Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 836-37 & n.5 (1994) (citations omitted).

A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004). Additionally, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid

7

claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106. To establish a difference of opinion rising to the level of deliberate indifference, a "plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

    d. <u>Analysis</u>

Based on the evidence presented, the Court finds that summary judgment should be granted in favor of Defendant because Defendant has submitted evidence that he was not deliberately indifferent to Plaintiff's serious medical needs, and Plaintiff has not submitted sufficient evidence to create a genuine dispute of material fact regarding this issue.

    *1. Defendant's Evidence*

According to Defendant's declaration, "I saw Plaintiff on November 3, 2016. Plaintiff was Spanish-speaking, so communication between us was done via an interpreter. Plaintiff complained of chronic back pain. Plaintiff was receiving 600 milligrams of Oxcarbazepine twice a day for his neuropathic pain. Oxcarbazepine is an anticonvulsant medication used to prevent seizure, as a mood stabilizer, and to relieve neuropathic pain. In my medical opinion, Oxcarbazepine was an appropriate medication to treat Plaintiff's neuropathic pain and Plaintiff was receiving an appropriate dosage. I reviewed Plaintiff's medical history and medications and performed a physical examination, which was unremarkable. Plaintiff was doing okay on his present medications, i.e., his vitals were normal, and there was no indication that he was suffering any adverse reactions. I scheduled Plaintiff for a follow-up in three to five months. I did not discontinue any of Plaintiff's medications, including his pain medication." (ECF No. 34-4, p. 3, ¶ 8).[1]

Additionally, Defendant alleges that he "saw Plaintiff for a follow-up on April 19, 2017. Plaintiff was prescribed oxcarbazepine for pain management. This time, Plaintiff complained of pain in his neck with certain twisting motions and numbness and tingling down his left arm

---

[1] At times Defendant refers to an appointment on November 13, 2016 (<u>see, e.g.</u>, ECF No. 34-2, p. 3), but this appears to be a typo.

with certain positions on his back. Plaintiff's physical examination was unremarkable. I encouraged Plaintiff to exercise by walking and offered him Tylenol for his neck pain, which he declined. I also ordered x-rays of Plaintiff's cervical spine. I did not discontinue any of Plaintiff's medications, including his pain medication." (Id. at p. 4, ¶ 12) (citation omitted).

To support his version of events, Defendant also submitted medical records. The record of the November 3, 2016 appointment (id. at 15) indicates that Defendant examined Plaintiff. There is no indication that Defendant discontinued any medication. Other medical records indicate that Plaintiff continued on Oxcarbazepine after the appointment. (Id. at 12 (active medications chart dated November 3, 2016, indicating that Oxcarbazepine was prescribed from August 24, 2016, through November 22, 2016, and that the "last dispense" date was October 18, 2016)); (id. at 11 (active medications chart dated February 13, 2017, indicating that Oxcarbazepine was renewed for ninety days, that it was prescribed from November 23, 2016, through February 21, 2017, and that the "last dispense" date was January 17, 2017)).

The record of the April 19, 2017 appointment (id. at 13) indicates that Defendant examined Plaintiff, and that labs and an x-ray were ordered (id. at 9 & 13). There is no indication that Defendant discontinued any medication. Other medical records indicate that Plaintiff continued on Oxcarbazepine after the appointment. (Id. at 10 (active medications chart dated March 22, 2017, indicating that Oxcarbazepine was prescribed from February 13, 2017, through May 14, 2017, and that the "last dispense" date was March 13, 2017)); (id. at 8 (active medications chart dated May 11, 2017, indicating that Oxcarbazepine was prescribed from February 13, 2017, through May 14, 2017, and that the "last dispense" date was April 10, 2017)); (id. at 7 (active medications chart dated June 22, 2017, indicating that Oxcarbazepine was prescribed from May 11, 2017, through November 7, 2017, and that the "last dispense" date was June 8, 2017)).

### 2. *Plaintiff's Evidence*

In order to dispute Defendant's version of events, Plaintiff submits his own declaration. According to Plaintiff, he "was not receiving the appropriate dosage of Oxcarbazepine, because he was still in pain." (ECF No. 38, p. 10, ¶ 6). "Plaintiff was not doing okay on his present

medications," and "he informed the Defendant that the medication was not relieving the pain." (Id. at p. 11, ¶ 8). "Plaintiff submitted numerous health care service [request form's] informing Defendant that he was in pain." (Id. at ¶ 10). "Defendant did not perform a physical examination of Plaintiff." (Id. at ¶ 7). "Defendant discontinue[d] Plaintiff['s] pain medication. During one of the visiting appointment[s] with Defendant, he informed Plaintiff that he was discontinuing his pain medication." (Id. at ¶ 9).

### 3. *Discussion*

Plaintiff's only evidence is his declaration, and it is not enough to create a genuine dispute of material fact regrading whether Defendant was deliberately indifferent to Plaintiff's serious medical needs. While Plaintiff may testify to events he witnessed, see Fed. R. Evid. 701, "[w]hen the nonmoving party relies only on its own affidavits to oppose summary judgment, it cannot rely on conclusory allegations unsupported by factual data to create an issue of material fact." Hansen v. United States, 7 F.3d 137, 138 (9th Cir. 1993). See also F.T.C. v. Publ'g Clearing House, Inc., 104 F.3d 1168, 1171 (9th Cir. 1997), as amended (Apr. 11, 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact."); Taylor, 880 F.2d at 1045 ("A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data.").

Here, in his attempt to defeat summary judgment, Plaintiff relies only on a self-serving declaration that lacks detailed facts and supporting evidence. Plaintiff states that Defendant discontinued his pain medication,[2] and that Defendant never examined him. However, Plaintiff provides no details to support these assertions. Plaintiff never alleges when the appointments occurred, how long the appointments lasted, what happened at the appointments, or when Defendant discontinued the pain medication.

Moreover, Plaintiff's assertions directly contradict his medical records, and Defendants are correct that, in his opposition, "Plaintiff does not contend that his medical records are false,

---

[2] While Plaintiff at times refers to "pain medication" and not Oxcarbazepine, Plaintiff does not submit any evidence to dispute that Oxcarbazepine is a medication used for, among other things, relieving pain.

10

nor has he provided any evidence that would support such a contention." (ECF No. 39, p. 3). For example, Plaintiff never explains why his medical records (some of which were signed by a non-party doctor (ECF No. 34-4, pgs. 8 & 11)) indicate that, after both appointments with Defendant, Plaintiff was still prescribed Oxcarbazepine and it was still being dispensed to him.[3]

Plaintiff does state in his declaration that he was not receiving the appropriate dosage of Oxcarbazepine, and that Defendant was aware of this fact because he told Defendant that he was still in pain and submitted numerous health care service request forms informing Defendant that he was in pain. However, even if Plaintiff was still in pain, and even if he believes he was not receiving the appropriate dosage, these facts are not enough to defeat summary judgment. Defendant submitted evidence, which Plaintiff did not dispute with any admissible evidence, that, "because neuropathic pain is difficult to treat, Plaintiff may still experience some pain in his back and neck has he continues to age…." (ECF No. 34-4, p. 5, ¶ 16). Thus, it is undisputed that Plaintiff may experience some pain. However, rather than ignoring this pain, the undisputed facts show that Plaintiff was prescribed Oxcarbazepine for pain, and that Defendant ordered an x-ray. There is no evidence that Defendant knew Plaintiff was in pain but purposefully failed to respond to that pain.

Moreover, Defendant submitted evidence, that, in his opinion Plaintiff was receiving appropriate treatment. (Id. at 5, ¶ 16). Thus, Plaintiff's allegation that he was not receiving the appropriate dosage of Oxcarbazepine is not enough to defeat summary judgment because a difference of opinion between an inmate and prison medical personnel regarding appropriate medical treatment is not enough to establish deliberate indifference. Sanchez, 891 F.2d at 242; Toguchi, 391 F.3d at 1058. To establish a difference of opinion rising to the level of deliberate

---

[3] The Court notes that Plaintiff alleges that "Defendant during an appointment informed Plaintiff that he would discontinue his pain medication since it was not reliving [sic] the pain." (ECF No. 38, p. 11, ¶ 13). As described above, Plaintiff has not submitted sufficient evidence to create of genuine dispute of material fact regarding whether his pain medication was discontinued. However, even if it was undisputed that Defendant discontinued Plaintiff's pain medication because it was not effective, this fact alone would not be enough to defeat summary judgment because discontinuing ineffective medication does not rise to the level of deliberate indifference to serious medical needs. The fact that Plaintiff was still in pain does not change this analysis. As described above, it is undisputed that Plaintiff may experience some pain as he continues to age, and Plaintiff has submitted no evidence suggesting that Defendant knew Plaintiff was in pain but purposefully failed to address Plaintiff's pain.

11

indifference, a "plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances," Jackson, 90 F.3d at 332, and Plaintiff has submitted no evidence that the course of treatment Defendant chose was medically unacceptable under the circumstances.

### 4. *Conclusion*

Because Defendant has submitted evidence that he was not deliberately indifferent to Plaintiff's serious medical needs, and because Plaintiff has not submitted sufficient evidence to create a genuine dispute of material fact regarding this issue, the Court finds that summary judgment should be granted in favor of Defendant.

Because the Court has found that the undisputed facts show that Defendant was not deliberately indifferent to Plaintiff's serious medical needs, the Court does not address Defendant's argument that he is entitled to summary judgment on the issue of qualified immunity.

## III. RECOMMENDATIONS

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion for summary judgment be GRANTED;
2. Judgment be entered in favor of Defendant; and
3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven (7) days after service of the objections.

///
///
///
///

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 16, 2019**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE